**Johnny R. NELMS, Appellant,**

v.

**UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA et al., Appellees.**

**No. 25800.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1968.

Quincy A. James, Lott & James, Houston, Tex., for appellant.

Glynn W. McDonald, Houston, Tex., Patrick C. O'Donoghue, Washington, D. C., Combs, Mitchell, McDonald & Doran, Houston, Tex., O'Donoghue & O'Donoghue, Washington, D. C., for appellees.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

* Of the First Circuit, sitting by designation.

DYER, Circuit Judge:

This is an action by Nelms, a former business agent of Local 211,[1] against his union, against its affiliate United,[2] an international union, against Griffin, a General Organizer of United, and against Roberts, Local 211's Business Manager, charging a conspiracy between union officials resulting in Nelms' removal from office and expulsion from Local 211 in violation of his rights under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq.[3] Nelms sought a temporary and permanent mandatory injunction reinstating him to membership, restoring him to office and assessing damages for loss of salary. After an extended hearing and extensive testimony the District Court denied a preliminary injunction. This appeal ensued. We affirm.

A jurisdictional dispute between the pipefitters and boilermakers developed during the progress of work being done under a union contract at a Sinclair refinery in Pasadena, Texas. United directed Griffin, who had supervisory jurisdiction in Texas, to make adjustments, give orders, and make rulings to adjust the dispute. Griffin met in the offices of Local 211 in Houston, Texas, with representatives of the contractor, the Local's Business Manager, a job steward and Nelms. During the course of the meeting Nelms verbally abused Griffin and physically attacked him. Griffin preferred charges with United against Nelms. The Union's Hearing Officer found Nelms guilty of violating his oaths as a union member and as an officer by his abusive and violent conduct. He was also found guilty of attempting to thwart Griffin in the discharge of his official and constitutional union duties. He was found not guilty of engaging in obstructionist tactics against the decision of the Union's General President concerning the Sinclair job. In due course the union's General Executive Board upheld the findings of the Hearing Officer.

■ We summarily dispose of Nelms' threshold complaint of loss of union office and ineligibility to stand for office in the June, 1968, elections. The trial court properly held that section 411 does not include actions for reinstatement to union office as distinguished from union membership. Davis v. Turner, 9 Cir. 1968, 395 F.2d 671; Grand Lodge of Int'l Ass'n of Machinists v. King, 9 Cir. 1964, 335 F.2d 340, cert. denied, 1964, 379 U.S. 920, 85 S.Ct. 274, 13 L.Ed.2d 334; Air Line Stewards & Stewardesses Ass'n, etc. v. Transportation Workers Union, 7 Cir. 1964, 334 F.2d 805, cert. denied, 1965, 379 U.S. 972, 85 S.Ct. 648, 13 L.Ed.2d 563. Furthermore, since the election has now been conducted, questions of candidacy and right to hold office may only be raised in a suit by the Secretary of Labor under Section 402 of Title IV of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 482. Calhoun v. Harvey, 1964, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190.

■ Nelms asserts three errors in the denial of his application for temporary mandatory injunction to restore him to full union membership. He first argues that the District Court erred in finding that the union charges against him, on which he was given a hearing, were not defective. Nelms does not claim a lack of specificity in the charges but contends

---

1. Local 211 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada.

2. United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada.

3. Nelms relies particularly on 29 U.S.C.A. § 411(5) which provides:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

that his conduct did not violate any provision in the union constitution or by-laws. We do not find this argument persuasive. The sections of the constitution relied upon are unambiguous, and it is perfectly clear from a simple reading of them that Nelms' conduct was in direct violation of his undertaking to "perform the duties and obligations of the office, * * * work for the success of the United Association," and "not perform any act in any way prejudicial to the best interest of the United Association." [4] Nelms' reliance upon Simmons v. Avisco, Local 713, Textile Workers Union, 4 Cir. 1965, 350 F.2d 1012, and Allen v. International Alliance of Theatrical, Stage Employees and Moving Picture Mach. Operators, 5 Cir. 1964, 338 F.2d 309, is misplaced. In *Simmons* the court relied upon the absence of a "non-cooperation" clause, and in *Allen* we found that a union member was denied a full and fair hearing when he was expelled while charged only with a violation of an inapplicable constitutional provision. Nor do we share Nelms' interpretation of International Brhd. of Boilermakers, etc. v. Braswell, 5 Cir. 1968, 388 F.2d 193, cert. denied, 1968, 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854, as being helpful to him. There we found that an assault by a union member had not been committed with the intent to prevent an officer from properly discharging the duties of his office—and thus the offense defined in the union's constitution and with which Braswell had been charged was not proved.

Nelms next complains of lack of fundamental fairness in the disciplinary hearing. He would have preferred to have been charged for other offenses under the by-laws of Local 211 because the punishment provisions for such offenses are less severe, but he does not dispute the fact that the charges were properly filed under United's constitution. Nelms wanted his hearing to be held in a large hall instead of in hotel rooms; wanted a month's continuance of the hearing because of his wife's illness instead of the one week he received; and was displeased with certain questioning and with the rule, applied to both parties, that cross-examination questions be propounded through the Hearing Officer. Finally, and without any support in the record, Nelms accused the Hearing Officer as being "somewhat less than partial." We find the contentions of Nelms to be without merit. Nelms was personally present at the hearing. He was not denied available witnesses. His defense was in no way denied or limited. There was substantial evidence to support the findings of the Hearing Officer which were approved by the Executive Board. Our review of the findings is limited in nature, and we must exercise a sound reluctance to interfere in internal union affairs. Cf. Allen v. International Alliance, etc., supra; Vars v. International Brhd. of Boilermakers, 2 Cir. 1963, 320 F.2d 576.

Finally, Nelms contends that the District Court erred in holding that the evidence did not support a claim of con-

4. United's constitution provides in pertinent part:

> *Section 137—Obligation of Local Union Officers*
> * * * that I will, to the best of my ability, perform the duties and obligations of the office to which I have been elected * * * and I further pledge that all of my official acts while holding this position shall be just and honorable and I will work for the success of the United Association and the triumph of its principles.
> *Section 172—Membership Pledge*
> * * * that I will not perform any act in any way prejudicial to the best

> interest of the United Association, but will at all times endeavor to promote its prosperity and usefulness.
> *Section 226(a)—Original Jurisdiction of the General Executive Board to Try Offenses Against the International Union*
> When any offense is committed against the International Union or its officers including, but not limited to, a violation of the provisions of this Constitution or the policies. or decisions of the International Union or any officer thereof, written charges may be filed against any accused members * * *

spiracy. We find it unnecessary to reach this question. The merits of the action are not reviewable except as they bear on the question of the District Court's abuse of discretion in denying a preliminary injunction. Flight Engineers Int'l Ass'n, AFL–CIO v. American Airlines, Inc., 5 Cir. 1962, 303 F.2d 5. The only issue properly before us is whether the District Court abused its discretion in denying the application for preliminary injunction. Nalco Chem. Co. v. Hall, 5 Cir. 1965, 347 F.2d 90; Detroit Football Co. v. Robinson, 5 Cir. 1960, 283 F.2d 657. We find no such abuse here.

Affirmed.