**Mon C. ALLEN et al., Plaintiffs-Appellants,**

v.

**MISSISSIPPI COMMISSION OF LAW ENFORCEMENT et al., Defendants-Appellees.**

**No. 28716**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 7, 1970.

286

Martha M. Wood, Jackson, Miss., Frank R. Parker, L. A. Aschenbrenner, James Robertson, Kevin W. Carey, Jackson, Miss., of counsel, for appellants.

William A. Allain, Asst. Atty. Gen., Don Lacy, Jackson, Miss., A. F. Summer, Atty. Gen., James E. Rankin, Sp. Asst. Atty. Gen., Jackson, Miss., for appellees.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

**PER CURIAM:**

█ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pacific Company, 417 F.2d 526, Part I (5th Cir. 1969); and Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

Our use of the term "merits" in this particular case means only the merits of the limited issue which we find is presented on this appeal, not the ultimate merits of the appellants' complaint still pending in the district court. The latter must be considered by another screening panel at a future time. The appellants apparently concluded that this panel had chosen to reach the more significant issues concerning their alleged violations of certain constitutional rights, without oral argument. They therefore filed a motion for reconsideration of our decision to order the case placed on the Summary Calendar. Because we do not reach those issues, we remain convinced that oral argument would not be helpful in this limited review. Indeed, in light of the interlocutory nature of the issue we do reach, the delay which would result from assigning this case for oral argument militates strongly in favor of summary disposition. See Huth v. Southern Pacific Company, supra, 417 F.2d at 529. Our Circuit's screening procedure demands extreme care and delicate (and unanimous) judicial action. Those requisites were met in this case.

The motion for reconsideration is accordingly denied.

**I.**

This appeal is from the denial of the plaintiffs'-appellants' motion for a preliminary injunction. The facts of the case, and the issues presented, are well stated in Judge Russell's unreported opinion denying the motion in Allen v. Mississippi Commission of Law Enforcement, No. 4487 (S.D.Miss., Sept. 22, 1969):

"On June 9, 1969, eight named plaintiffs, representing themselves and all other Negroes similarly situated, filed this suit in the Northern District, Eastern Division of the United States District Court, against the Mississippi Commission on Law Enforcement and its 34 appointed members, against the Mississippi Division of Law Enforcement Assistance and its Executive Director, and against the Governor of the State of Mississippi, seeking a temporary restraining order and preliminary and permanent injunctions enjoining the Governor to submit to the Court a plan for reconstitution and reorganization of the Mississippi Commission on Law Enforcement and the Mississippi Division of Law Enforcement Assistance to include Negroes on the Commission and Division in proportion to the ratio that Negroes comprise the entire state population; that until such Commission and Division be reconstituted defendants be enjoined from (1) submitting to the Federal Law Enforcement Assistance Administration any statewide plan for the improvement of law enforcement; (2) developing programs or projects for state or units of local government for the improvement of law enforcement; (3) establishing priorities for improvement in law enforcement; (4) providing any further funds to units of local government engaged in performing functions pursuant to the Omnibus Crime Control and Safe Street Act of 1968, 82 Stat. 197; (5) performing any functions pursuant to such Act; or (6) spending any federal or state funds provided for functioning under the Act with the exception of salaries and office expenses. Jurisdiction is claimed under 28 U.S.C. Sections 1331 and 1343.

"The complaint was accompanied by a separate motion for a temporary restraining order, seeking to prevent the Commission from presenting for approval any plan for law enforcement to the Law Enforcement Assistance Administration of the Department of Justice,

and from functioning in any manner, including the spending of any federal funds provided in the 1968 planning grant except for office expenses and salaries, unless and until the Commission and Division were reconstituted as prayed for in the complaint.

"Defendants having moved for a change of venue to the Southern District, Jackson Division, a hearing was held, following which the presiding District Judge denied plaintiffs' motion for a temporary restraining order, and granted defendants' motion for a change of venue pursuant to 28 U.S.C. #1404.

"By amendment to their complaint, plaintiffs, by virtue of public and private positions they hold, allege they are representative of a class of such persons, and are qualified to serve on the Mississippi Commission on Law Enforcement, the Mississippi Division of Law Enforcement Assistance, and on the district law enforcement planning councils, and they request this Court, in addition to the preliminary and permanent injunctive relief set out above, to declare that plaintiffs and the class they represent are systematically excluded from membership in these agencies in violation of the Fifth and Fourteenth Amendments to the U. S. Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d, 42 U.S.C. Sections 1981 and 1983, Department of Justice Regulations issued under the Civil Rights Act of 1964 (28 C.F.R. Part 42), the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 197), and the Law Enforcement Assistance Administration Regulations issued under the Omnibus Crime Control Act, and further request this Court to declare that plaintiffs and members of their class are entitled to full participation and membership in the aforesaid bodies in proportion to the percentage that Negroes constitute the entire population of the State of Mississippi. Jurisdiction for declaratory action is invoked under 28 U.S.C. Sections 2201 and 2202. Plaintiffs further claim they are protected from discrimination by the Fifth and Fourteenth Amendments, are the recipients of rights confirmed by Title VI, Section 601, of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d, are the beneficiaries of the programs, policies and funds administered under the Omnibus Crime Control Act, and are persons intended to be protected by Section 203 (a) of the Omnibus Crime Control Act, by Department of Justice Regulations issued pursuant to Title VI of the Civil Rights Act of 1964, and by the Law Enforcement Assistance Administration Regulations issued pursuant to Section 501 of the Omnibus Crime Control Act.

"Prior to a hearing before this Court on the motion for a preliminary injunction, defendants filed a motion to dismiss the amended complaint on the grounds that plaintiffs are without standing to sue, the Court lacks jurisdiction of the subject matter and the parties, and plaintiffs fail to state a claim upon which relief can be granted.

"Although plaintiffs urge the Court to consider the hearing as a full hearing on the merits for both preliminary and permanent injunctive relief, the Court on the basis of the approximately four hour hearing held on July 29, 1969, confines this opinion to a ruling on plaintiffs' motion for preliminary relief only, withholding a ruling on defendants' motion to dismiss until such time as this opinion and the order thereon becomes final or is reversed.

"By way of background, on June 19, 1968, Congress adopted the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 197. Under Title I, Law Enforcement Assistance, the Law Enforcement Assistance Administration (LEAA) was created as an agency within the Department of Justice charged with the responsibility of supervising and assisting with plans on a state and local level for the general improvement of law enforcement throughout the United States. Under the Act, the Congress provided for federal grants to be made through LEAA to state and local agencies to be created especially for carrying out the intent and purpose of the Act.

Initially, each state, within six months of the passage of the Act, was authorized to apply for a planning grant for the establishment of a state planning agency, the agency to be created or designated by the chief executive of the State and to be under his jurisdiction. The Act in turn provided that the planning agency develop plans for the improvement of law enforcement throughout the state, develop programs and projects for the state and local units, and establish priorities for the improvement of law enforcement. Upon approval of LEAA of the planning grant for the state planning agency, that agency must have within six months submitted to LEAA a comprehensive state plan for law enforcement in order to receive further federal funds or action grants.

"On December 17, 1968, within the time limit set by the Act, the State of Mississippi applied for a planning grant, the signatories to the application on behalf of the State of Mississippi agreeing, as one of the conditions thereto, that the state agency 'will comply with and will insure compliance by its subgrantees and contractors with Title VI of the Civil Rights Act of 1964 and all requirements imposed by or pursuant to regulations of the Department of Justice (28 C.F.R. Part 42) issued pursuant to that title, to the end that no person shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity for which the applicant receives Federal financial assistance from the Department of Justice.'[1] The application was approved by LEAA and a grant in the sum of $257,950.00 was given for the establishment and operation of a state planning agency, this sum being 90% of the total, the remaining 10% being met by the state.

"This agency consists of two bodies, the Mississippi Commission on Law Enforcement, an advisory body presently composed of 34 persons appointed by the Governor and charged with the making of a comprehensive plan for improvement of law enforcement agencies in the state and the approval of local and regional projects, and the Mississippi Division of Law Enforcement Assistance composed of an Executive Director and a permanent administrative staff of some 10 or 11 persons. On a local level, there are eleven district law enforcement planning councils within the state, the membership to seven having been appointed by pre-existing economic councils, the membership of one having been appointed by the Gulf Regional Planning Commission, and membership on the remaining three councils, being interim appointments made by the governor.

"Through the collaboration and assistance of a professional staff provided by the International Association of Chiefs of Police, the composition of the Mississippi Commission was determined and a comprehensive plan was adopted. On or before June 19, 1969, being again within the time limit provided for by the Act, this plan was submitted to LEAA, approved by that agency, and the federal action money for the carrying out of the plan has been received by the Commission in the sum of $288,405.00.

"It was this grant which plaintiffs sought to block by the filing of their motion for a temporary restraining order on June 9, 1969, the same date the original complaint was filed, and which motion the then presiding District Judge denied.

"The local councils are presently engaged in formulating next year's plans and programs, for submission to the Mississippi Commission and Division administrative staff by November 30, 1969, in order that these agencies may submit a correlated, statewide program to LEAA on or before March 30, 1970.

1. Guide for State Planning Agency Grants, Law Enforcement Assistance Administration, Department of Justice, "Application for Planning Grant", paragraph (g), page 21. [Footnote by the District Court].

"As of January 1969, there were a total of 51 Negroes elected to offices in Mississippi, some to perform law enforcement functions, such as that of constable and justice of the peace. Approximately 20 more have been elected during the current year. There are a number of Negroes serving on municipal police forces and as deputy sheriffs. Of the 34 members of the Commission, one is a Negro. Of the approximately 150 members of the district councils, six are Negroes. No Negroes serve on the Division administrative staff. It is to the absence of Negroes on these agencies in a ratio that all Negroes in Mississippi bear to the total population, i. e., 42 percent, that plaintiffs object." Allen v. Mississippi Commission of Law Enforcement, No. 4487 (S.D.Miss., Sept. 22, 1969) (pagination omitted).

The district judge denied the preliminary injunction primarily because to enjoin current phases of the programs, and thus deny them the use of federal funds, "would, in effect, torpedo the entire law enforcement program."

## II.

The district judge specifically confined his opinion to a ruling on the motion for preliminary injunction and refused to consider the hearing as being a full hearing on the merits or on the motion to dismiss (see p. [5], supra). Although the district court opinion strongly hints at the merits of the plaintiffs' case, we nevertheless make clear at this point that our review is strictly limited to the denial of the preliminary injunction. Despite the appellants' contention that the case is ripe for final disposition, we do not agree. The only issue before us, and the only issue we shall consider, is whether the district judge abused his discretion in denying the preliminary injunction—that is the universal test, and the district judge's action will not be disturbed on appeal unless there is a clear abuse of discretion. United States v. Edwards, 333 F.2d 575 (5th Cir. 1964) and cases there cited. The abuse of discretion standard

is as applicable in civil rights cases as in any other, Mississippi Freedom Democratic Party v. Democratic Party of State of Miss., 362 F.2d 60 (5th Cir. 1966), and the merits of the cause of action are reviewable only to the extent that they bear on the denial of the injunction. See, e. g., Nelms v. United Association of Journeymen, 405 F.2d 715 (5th Cir. 1968).

[5] With these principles in mind, we conclude that the district judge did not abuse his discretion in denying the preliminary injunction. Indeed, had he granted the injunction, it would have been questionable whether in exercising his discretion he properly balanced "the conveniences of the parties and possible injuries to them * * * by the granting or withholding of the injunction." Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 675, 88 L.Ed. 834 (1944); Congress of Racial Equality v. Douglas, 318 F.2d 95 (5th Cir.), cert. denied, Burt v. Congress of Racial Equality, 375 U.S. 829, 84 S.Ct. 73, 11 L.Ed.2d 61 (1963). This is because on the face of the record and the pleadings in this case, the granting of the injunction would have caused extreme and irreparable injury to the appellees, while the injury to the appellants would have been negligible.

The district court's statement of the facts, supra, clearly shows the significance and beneficial nature of the appellees' activities; all those facts need not be repeated here. But it is clear that had the injunction been granted, the planning commissions would have been forced to halt their plans, thus losing the $2.5 million "action money" grant for 1970. The concomitant loss in progress toward curbing a rising crime rate and toward improving law enforcement techniques is obvious.

Balanced against the appellees' possible injuries is the appellants' position: that they are being deprived of the privilege of taking part in the planning process. They do not charge that any funds are being spent in a discriminatory manner, they only charge that the priorities

they would choose in spending the federal funds differ from those selected by the appellees. More importantly, the appellants have failed to show why their rights as alleged cannot be protected as fully by a final decision on the merits as by a preliminary injunction.

In short, we conclude that the appellants were not entitled to the preliminary injunction and that the trial judge exercised his discretion prudently. Brevity is necessary here, as insurance against our language being interpreted as an intimation as to the merits of the appellants' case.[2] We reiterate that our review is limited to determining whether there was an abuse of discretion in denying the preliminary injunction. Having found that there was not, we

Affirm.

---

2. And also for that reason, we decline to comment on the applicability or inapplicability of Carter v. Jury Comm. of Green County, 396 U.S. 320, 90 S.Ct. 518, 4 L.Ed.2d 549 (1970), either with regard to the denial of the injunction or, obviously, the merits.