**HOLINONE, INC., Plaintiff-Appellant,**

v.

**INTERNATIONAL HOLE–IN–ONE CLUB, INC., Defendant-Appellee.**

No. 72–1812

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 28, 1972.

---

1. The state trial judge has certified that this did not happen, and the record does not show that it did happen. 28 U.S.C.A., § 2245.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Garrett R. Tucker, Jr., Houston, Tex., S. Leslie Misrock, James G. Foley, George F. Long, III, Peter J. Unger, New York City, Baker & Botts, Houston, Tex., for plaintiff-appellant; Pennie, Edmonds, Morton, Taylor & Adams, New York City, of counsel.

B. R. Pravel, John H. Dodge, II, Pravel, Wilson & Matthews, Houston, Tex., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In this trademark and unfair competition case, Holinone, Inc. appeals from the district court's denial of a preliminary injunction, 341 F.Supp.1241, D.C. We affirm.

Holinone began using the name "The Hole-in-One Club" in connection with sponsoring golfing events and related services for members. The name was subsequently registered as a trademark. It has also been used to identify golf balls, playing cards and other goods promoted and distributed by Holinone. On July 21, 1971 International Hole-In-One Club, Inc. was organized and began offering services similar to those offered by Holinone.

Holinone brought suit for infringement of its trademark and for unfair competition by International. The district court denied a motion for preliminary injunction holding that the trademark was descriptive and therefore incapable of being exclusively owned. The court also found that Holinone would not suffer irreparable injury and concluded that the evidence was insufficient to prove unfair competition.

 On an appeal from the denial of a preliminary injunction our scope of review is limited to a determination of whether there was a clear abuse of discretion by the district court. Johnson v. Radford, 5 Cir. 1971, 449 F.2d 115, 116; Allen v. Mississippi Commission of Law Enforcement, 5 Cir. 1970, 424 F.2d 285, 290; United States v. Edwards, 5 Cir. 1964, 333 F.2d 575, 578–579. We find no such abuse present here.[1]

Affirmed.

---

[1]. We expressly disclaim any intention of now passing upon the correctness *vel non* of the district court's ruling that "the Hole-In-One Club" was invalidly admitted to trademark registration because it was descriptive and had not acquired a secondary meaning. We make this explicit because we recognize that this preliminary determination could have influenced the decision of the district court not to grant preliminary injunctive relief. This affirmance is based solely upon the breadth of the district court's discretion in this type of matter. The plaintiff should in no wise be limited upon remand in its development of this point in connection with seeking permanent relief.