Joseph C. CONLON et al.

v.

TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS
UNION LOCAL # 25, et al.

Civ. A. No. 75–5374–C.

United States District Court,
D. Massachusetts.

March 25, 1976.

Joseph J. Balliro, Boston, Mass., for plaintiffs.

James T. Grady, Grady & McDonald, Boston, Mass., for defendants.

OPINION

CAFFREY, Chief Judge.

This is a civil action for injunctive relief and money damages. Jurisdiction of this court is invoked on the basis of 29 U.S.C.A. § 412 for a cause of action alleged to arise under 29 U.S.C.A. § 411(a)(1), (2). Plaintiffs are members of Local 25 of the Teamsters Union. Defendants are Local 25 and certain named officers thereof.

The matter came before the Court on plaintiffs' motion for a temporary restraining order and thereafter a preliminary injunction. Plaintiffs seek court orders (1) compelling defendants to reinstate the plaintiff Joseph C. Conlon to his former position of Secretary-Treasurer of Local 25; (2) restraining defendants from interfering with Conlon's conducting of the duties of that office; (3) restraining defendants from managing Union funds in any manner inconsistent with the by-laws of the Local; (4) restraining defendants from taking any reprisals against plaintiffs; and (5) ordering defendants to entertain certain motions made and seconded at a meeting of the Local.

An evidentiary hearing was held and the matter has been briefed by both parties. The following facts may be taken as established for purposes of this ruling.

Conlon was reelected to a three-year term as Secretary-Treasurer of Local 25 in 1973. On December 2, 1975 he was removed from that office by the defendant William J. McCarthy, President of Local 25. The sequence of events leading to Conlon's removal began when President McCarthy filed written charges against him on October 17, 1975 which, in substance, accused Conlon of failing to accept an assignment as business agent for employees of the United Parcel Service. A hearing on these charges was held by the Executive Board of Local 25 on December 2, 1975, at the conclusion of which the Board voted, six-to-one, to remove Conlon from the office of Secretary-Treasurer because of his refusal to "carry out a legitimate and proper assignment of President McCarthy as said Brother Conlon was obligated to do pursuant to Section 7(D) and (F) and Section 9(A) of the Local by-laws." Conlon was not, however, suspended or expelled from membership in Local 25.

At a subsequent meeting of the entire Local, President McCarthy ruled out of order and refused to entertain motions made and seconded by members in attendance which, if passed, would have put the Local on record as requesting the Executive Board to reconsider its action in voting Conlon out of office.

On December 8, 1975, plaintiff Conlon sent a telegram to the General Secretary of the International Brotherhood of Teamsters, requesting a stay of his removal from office. This request was denied by a telegram dated December 18, 1975 from Frank E. Fitzsimmons, General President of the Teamsters.

Also on December 8, 1975, Conlon appealed the decision of the Executive Board to Nicholas P. Morrissey, Secretary-Treasurer of Teamsters Joint Council No. 10. Pursuant thereto, a hearing was held on March 5, 1976 by the Executive Board of Joint Council No. 10. No decision of this Executive Board has been called to the attention of this Court as of this date.

■ At the threshold is the question of jurisdiction. Without deciding the matter, I note that it is extremely doubtful that this court has jurisdiction under 29 U.S.C.A. § 411(a)(5) and 29 U.S.C.A. § 412. Those sections do not confer jurisdiction on a United States District Court where the complaint is addressed to a removal from office in a Union, as distinguished from removal from membership in the Union. In *Grand Lodge of International Associates of Machinists, et al. v. King, et al.*, 335 F.2d 340 (9 Cir. 1964), *cert. denied* 379 U.S. 920, 85 S.Ct. 274, 13 L.Ed.2d 334 (1965), the Court stated, at pp. 342–343:

"In deference to the 'patent legislative intent' it has been held with virtual unanimity that section [411(a)(5)] does not apply to removal or suspension from union office. We think these decisions are correct. Furthermore, we think it makes no difference what the reason for the summary removal may have been . . . the means Congress chose to accomplish its purpose was to wholly exclude suspension or removal from union office from the category of union action to which section [411(a)(5)] applied."

See also, *Nelms v. Plumbers*, 405 F.2d 715 (5 Cir. 1968).

It is settled law that a movant for injunctive relief must establish a likelihood of prevailing on the merits, *Tuxworth v. Froehlke*, 449 F.2d 763 (1 Cir. 1971), as well as a probability of suffering irreparable harm if the injunctive relief is denied, *Automatic Radio Mfg. Co. v. Ford Motor Co.*, 390 F.2d 113 (1 Cir. 1968). I rule that on the record of this case plaintiffs have failed to do either.

It should be noted that in order to establish irreparable harm plaintiffs must indicate the inadequacy of their remedy at law. *Celebrity, Inc. v. Trina*, 264 F.2d 956 (1 Cir. 1959). No such showing has been made on this record because it would appear that money damages would be an adequate remedy for the claimed injury. *Bieski v. Eastern Auto Forwarding Co.*, 354 F.2d 414 (3 Cir. 1965).

Finally, an additional reason for denying injunctive relief is the fact that there appear to be further administrative remedies available to plaintiffs which have not been exhausted as required by 29 U.S.C.A. § 411(a)(4).

Consequently, for the above-stated reasons the application for injunctive relief is denied.

ORDER accordingly.