**CAFE 207, INC., a Florida corporation, Plaintiff–Appellant,**

v.

**ST. JOHNS COUNTY, a political subdivision of the State of Florida, Defendant–Appellee.**

No. 92–2524.

United States Court of Appeals, Eleventh Circuit.

April 30, 1993.

Hankin & Beverly, P.A., Gary S. Edinger, Gainesville, FL, for plaintiff-appellant.

Ulmer, Murchison, Ashby & Taylor, Jacksonville, FL, James G. Sisco, Office of the County Atty. for St. Johnson County, Linda R. Hurst, St. Augustine, FL, for defendant-appellee.

Luke Charles Lirot, Clearwater, FL, Peggy M. Hodges, American Family Ass'n Law Center, Tupelo, MS, Mark R. Brown, American Civil Liberties Union Foundation of FL, Professor of Law, Stetson University, College of Law, St. Petersburg, FL, for amici.

Before COX, Circuit Judge, and MORGAN and HENDERSON, Senior Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of a petition for a preliminary injunction to bar enforcement of an antinudity ordinance. We affirm.

The appellant, Cafe 207, Inc., operates a restaurant called Cafe Erotica in St. Johns County, Florida (the "County"). Initially, nude female dancers performed at Cafe Erotica. Soon after Cafe Erotica opened, however, the St. Johns County Commission enacted an ordinance that generally prohibits public nudity in unincorporated areas of the County. *See* St. Johns County, Fla., Ordinance 92–12 (Apr. 21, 1992). The ordinance requires "fully opaque covering" over certain parts of the human body, including the genitals and pubic area and specified percentages of the buttocks and female breasts. *Id.* § 3(b)–(c), (f). Cafe 207 raises First Amendment, vagueness, overbreadth and equal protection challenges to the ordinance.

For the most part, both parties have briefed and argued this appeal as if it were from a final judgment on the merits. This is not, however, an appeal from a final judgment.[1] The case reaches us under 28

---

1. The district court clearly did not regard its denial of a preliminary injunction as a final judgment. Although the court observed that "it may be that the case as a whole has been decid-

U.S.C. § 1292(a)(1) (1988) as an *interlocutory* appeal from an order denying a preliminary injunction. (*See* Appellant's Br. at viii.) "Consequently, only the action on the preliminary injunction is presently reviewable." *Scott Paper Co. v. Gulf Coast Pulpwood Ass'n. Inc.*, 491 F.2d 119, 119 (5th Cir.1974).[2]

We will disturb the district court's denial of the preliminary injunction only if the court abused its discretion. *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir.1992). To justify a preliminary injunction, Cafe 207 must show (1) a substantial likelihood of prevailing on the merits; (2) an irreparable injury if the injunction does not issue; (3) a threatened injury to Cafe 207 that is greater than any damage the preliminary injunction would cause the County; and (4) the absence of any adverse effect on the public interest if the injunction issues. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983). A preliminary injunction is a "drastic remedy," and Cafe 207 bears the burden to clearly establish each of the four prerequisites. *Id.* Moreover, as we review the denial of the preliminary injunction, "[n]o attention is paid to the merits of the controversy beyond that necessary to determine the presence or absence of an abuse of discretion." *Di Giorgio v. Causey*, 488 F.2d 527, 529 (5th Cir.1973).

The district court held that Cafe 207 does not have a substantial likelihood of prevailing on the merits in light of the Supreme Court's decision in *Barnes v. Glen Theatre, Inc.*, —— U.S. ——, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991) (upholding an Indiana antinudity ordinance against a First Amendment challenge). Whether the district court's determination of this point is right or wrong, the record before us indicates no abuse of discretion. *See Unit-*

ed *States v. Lambert*, 695 F.2d 536, 540 (11th Cir.1983) ("A review of the record reveals that although the district court might have issued an injunction, a denial was clearly within its discretion."). Therefore, we will not disturb the decision of the district court.

We emphasize that "[t]his affirmance is based solely upon the breadth of the district court's discretion in this type of matter." *Holinone, Inc. v. International Hole-In-One Club, Inc.*, 466 F.2d 504, 505 n. 1 (5th Cir.1972). As a result of the limited scope of our review, "[w]e express no opinion as to the likelihood that [Cafe 207] will or will not succeed on the merits." *Blackshear Residents Org. v. Romney*, 472 F.2d 1197, 1198 (5th Cir.1973).

Finding no abuse of discretion by the district court, we AFFIRM the denial of Cafe 207's application for a preliminary injunction.

AFFIRMED.

---

ed," the court went on to direct Cafe 207 to file a memorandum detailing the remaining issues to be resolved. (R.1–9 at 8.) In a subsequent order, the court reminded the parties that it had jurisdiction to proceed with the case pending the outcome of this interlocutory appeal. (R.1–18 at 1.) Cafe 207, however, declined to pursue the action while this appeal was in progress. (*Id.*; R.1–15.)

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.