DEAN WITTER REYNOLDS,
INC., Plaintiff,

v.

Mary E. GOYETTE and Judy A.
Foster and Don W. Goyette,
Jtten, Defendants.

No. 96–1081–Civ–T–21B.

United States District Court,
M.D. Florida,
Tampa Division.

July 22, 1996.

Bradford D. Kaufman, Steel, Hector & Davis, West Palm Beach, FL, for Plaintiff.

Omer Shelton Causey, Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, FL, for Defendants.

## ORDER

NIMMONS, District Judge.

Before the Court is Plaintiff's Motion for Preliminary Injunction (Dkt.2) and Defendants' response (Dkt.13) in opposition thereto. A hearing on this motion was held before the Court on July 11, 1996. The Goyettes (the Defendants herein) have filed an arbitration complaint with the National Association of Securities Dealers ("NASD"), alleging wrongdoing by Dean Witter related to the Goyettes' purchases of eight allegedly unsuitable investments sold through Dean Witter. Dean Witter (the Plaintiff herein) seeks a Preliminary Injunction enjoining the Goyettes from arbitrating their claims against Dean Witter before the NASD on the grounds that the dispute or portions of the dispute alleged in the Goyettes' amended arbitration complaint are ineligible for arbitration pursuant to Section 15 of the NASD Code of Arbitration Procedures. Upon consideration of the parties' pleadings, the evidence filed herein, and the arguments of counsel, the Court finds as follows:

### I. Findings of Fact

1. Upon opening their Dean Witter account, the Goyettes executed a Customer Agreement (Dkt.2, Exh. C) in which they agreed to arbitrate disputes concerning their account in accordance with the rules of the NASD. Further, in filing their NASD Statement of Claim, the Goyettes were required to execute a Submission Agreement (Dkt.2, Exh. D) in which the Goyettes agreed that by selecting NASD arbitration, that arbitration, if any, would be conducted in accordance with the rules and provisions of the NASD, including the NASD Code of Arbitration Procedures.

2. Section 15 of the NASD Code provides:

No dispute, claim, or controversy shall be eligible for submission to arbitration under these procedures where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.

(Dkt.2, Exh. A).

3. Both Dean Witter, by virtue of its membership in the NASD, and the Goyettes, by the express language of their Customer Agreement and their NASD Submission Agreement have agreed that Section 15 defines the scope of the parties' agreement to arbitrate those matters set forth in the Goyettes' arbitration complaint.

4. The Goyettes filed their arbitration complaint on or about April 15, 1996. The Goyettes allege in their Amended Statement of Claim (Dkt.22), which has been filed with the NASD, that they purchased each of the investments at issue in 1988. The Goyettes further allege that Mrs. Goyette's broker, James Randis, repeatedly misrepresented the nature and risks of the investments throughout the period from 1988 through 1994, and that Dean Witter continued to conceal the value and unsuitability of the investments despite being aware of problems with Mr. Randis' accounts, at least until the summer of 1995.

### II. Conclusions of Law

1. In order to justify the issuance of a preliminary injunction, the movant must establish: "(1) a substantial likelihood of prevailing on the merits; (2) an irreparable injury if the injunction does not issue; (3) a threatened injury to [the movant] that is greater than any damage the preliminary injunction would cause the [opposing party]; and (4) the absence of any adverse effect on the public interest if the injunction issues." *Cafe 207, Inc. v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir.1993), *citing United*

*States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983). The issuance of a preliminary injunction is a drastic remedy and the moving party "bears the burden to clearly establish the four prerequisites." *Id.* at 1137 (citation omitted).

2. For the reasons that follow, when the law is applied to the facts in evidence, the Court finds that Dean Witter has met its burden of persuasion in establishing the above referenced factors.

■ 3. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech, Inc. v. Communications Workers,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (citation omitted).

■ 4. The determination of whether a claim falls within the parties' agreement to arbitrate is for the court, not the arbitrators. *AT & T Technologies,* 475 U.S. at 649, 106 S.Ct. 1415, *Merrill Lynch Pierce Fenner & Smith, Inc. v. Cohen,* 62 F.3d 381, 383 (11th Cir.1995). The "district court should examine each of the [investor's] claims in order to determine what is the 'occurrence or event' giving rise to that claim." *Cohen,* 62 F.3d at 385. Thus, it is for this Court to determine if Section 15 of the NASD Code renders the claims in the Goyettes' arbitration complaint ineligible for arbitration before the NASD.

■ 5. The Court finds that Dean Witter has established a substantial likelihood of prevailing on the merits. Dean Witter has persuasively demonstrated that many of the claims which the Goyettes have submitted to arbitration involve investments which were purchased more than 6 years earlier. Although it is not a foregone conclusion that the purchase date is "the relevant occurrence or event giving rise to the [investor's] claims," *Cohen,* 62 F.3d at 385, it appears that the claims that the Goyettes submitted to arbitration were based on the unsuitability of the investments in light of the Goyettes' financial objectives, which objectives the Goyettes allege that Dean Witter knew at the time of purchase.

6. Because claims under Section 15 are not subject to equitable tolling, the district court must determine *"what* was the occurrence or event that gave rise to the [inves-tor's] claims." *Id.* at 385 & n. 4 (Emph. in original). The Eleventh Circuit has stated as an example that, if there is a fiduciary duty, "then each misrepresentation might be an event or occurrence giving rise to a claim for breach of fiduciary duty. If, by contrast, [a] fraud claim is predicated solely upon the unsuitability of [a] purchase, then the relevant 'occurrence or event' may be the investment." *Id.* at 385, n. 7. The Eleventh Circuit further stated that although district courts may be compelled "to hold 'mini-trials' on timeliness, which may be followed by full arbitration if the claims are not deemed time-barred, 'concerns for judicial economy alone are not sufficient to justify interference with the binding agreement of the parties.' " *Id.* at 385 (citation omitted).

7. Thus, the Court must determine whether the purchase of the investments at issue or the alleged subsequent actions and events are an "occurrence or event" giving rise to the Goyettes' claims. As it is undisputed that the Goyettes' claims involve purchases made over six years prior to the filing of the arbitration complaint, Dean Witter is entitled to a preliminary injunction until the Court determines the occurrence(s) or event(s) giving rise to the Goyettes' claims and whether the Goyettes' claims are time-barred under Section 15.

■ 8. Dean Witter will suffer irreparable injury if a preliminary injunction is not issued and it is required to arbitrate claims not embraced by the parties' agreement to arbitrate. Further, permitting arbitration to proceed on issues which are most likely not subject to arbitration would cause greater injury to Dean Witter than a preliminary injunction which temporarily enjoins arbitration of all of the Goyettes' claims until a final determination as to whether the claims are subject to arbitration is made.

■ 9. Finally, granting a preliminary injunction does not disserve the public interest because the public has no interest in compelling arbitration of claims which the parties agreed are not subject to arbitration. *See AT & T Technologies,* 475 U.S. at 648–49, 106 S.Ct. 1415.

Upon consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Preliminary Injunction (Dkt.2) is **GRANTED,** and the Defendants are **ENJOINED** from arbitrating any of their claims against the Plaintiff until the Court determines whether the Defendants' claims are eligible for arbitration under Section 15 of the NASD Code of Arbitration Procedures.