ONE WORLD ONE FAMILY NOW, a
California Non-profit corporation,
Plaintiff,

v.

CITY OF KEY WEST, a Florida
municipality, Defendant.

No. 01–10047CIV.

United States District Court,
S.D. Florida,
Miami Division.

July 25, 2001.

David Liberman, Los Angeles, CA, for Plaintiff.

Michael Burke, Ft. Lauderdale, FL, for Defendant.

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's request for Preliminary Injunction to enjoin Defendant from enforcing Ordinance No. 01–02 (enacted into law March 6, 2001). The Court heard oral arguments and responses thereto on this Motion on June 22, 2001.

### I. Background

Plaintiff is a non-profit corporation organized under the State of California whose mission is to educated the general public about the spiritual aspects of problems affecting the environment. Plaintiff distributes literature to the public and sells message-bearing T-shirts from portable tables at various locations in Key West, Florida. On March 21, 1994, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against the City of Key West (the "City") challenging the City's unwritten policy of prohibiting the sale of T-shirts from portable tables located in the City's historic and commercial district.

Plaintiff argued that the City's permit scheme operated to deprive Plaintiff of its First and Fourteenth Amendment rights. In its May 3, 1994 Order (the "Preliminary Injunction Order"), the Court granted preliminary injunctive relief to Plaintiff as to its claim for violation of its First Amendment rights. The parties subsequently stipulated to a resolution of that action. On November 10, 1994, the Court issued a Consent Judgment and Order ("Consent Order") that enjoined the City from enforcing certain city ordinances by arresting, citing, or taking into custody any of Plaintiff's representatives for selling their message-bearing T-shirts from tables on sidewalks in the City's historic and commercial district.

Over six years later, on March 6, 2001, the City enacted into law Ordinance No. 01–02 (the "New Ordinance"), codified as Key West, Florida Code of Ordinances § 107.38. The New Ordinance prohibits anyone from using portable tables to display and sell literature or message-bearing T-shirts on all public sidewalks located within the City. Plaintiff filed a Complaint on May 3, 2001, alleging that the New Ordinance (1) violates the Consent Order, (2) violates 42 U.S.C. § 1983 and the First Amendment, and (3) violates the Equal Protection Clause of the Fourteenth Amendment. The City filed a Petition to Dissolve and/or Modify Consent Judgment and Order two days earlier on May 1, 2001, stating that recent decisions from the Eleventh Circuit Court of Appeals indicate that the New Ordinance is a permissible time, place and manner restriction of Plaintiff's First Amendment rights. The Court consolidated the two actions under the above-styled caption case number in its May 30, 2001 Order.

### II. Standard of Review

To prevail on a motion for a preliminary injunction, the Plaintiff must es-

tablish that: (1) there is a substantial likelihood of success on the merits of the claims; (2) he will suffer irreparable harm in the absence of injunctive relief; (3) the threatened injury to the plaintiff outweighs any potential harm to the defendant as a result of the injunction; and (4) granting the injunction would not be adverse to the public interest. *See Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1561–62 (11th Cir.1989), *aff'd sub nom. McNary v. Haitian Refugee Center,* 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991) (cite omitted); *see also Ingram v. Ault,* 50 F.3d 898, 900 (11th Cir.1995). Because a preliminary injunction is a "drastic remedy," the Plaintiff bears the burden to "clearly establish" each of the four elements. *Cafe 207 v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir.1993). As this Court has previously stated, a preliminary injunction "is an extraordinary remedy, not available unless the plaintiff carries his burden of persuasion as to all of the four prerequisites. The primary justification for granting a preliminary injunction is to preserve the court's ability to render a meaningful decision after a trial on the merits." *Tefel v. Reno,* 972 F.Supp. 623, 633 (S.D.Fla. 1997) (King, J.). Further, the decision whether to impose an injunction is a matter of judicial discretion. *See CNA Financial Corp. v. Brown,* 162 F.3d 1334, 1337 (11th Cir.1998).

### III. Analysis

The outcome of this Motion depends on the Court's determination as to whether there is a substantial likelihood Plaintiff will successfully demonstrate that (1) passage of the New Ordinance violates the terms of the Consent Order or (2) the New Ordinance violates Plaintiff's First and Fourteenth Amendment rights.

With respect to Plaintiff's first claim, the Court notes that the Stipulation for Final Judgment and Order to which both parties agreed and on which the Court based its Consent Order specifically allowed the City to "attempt[ ] to enforce any Ordinances or regulations pertaining to the sale of message-bearing T-shirts by non-profit organizations which may subsequently be adopted." (See Pet. to Dissolve, Ex. D). Furthermore, the Consent Order does not prohibit the City from adopting and enforcing any future regulations that would ban the use of portable tables in selling message-bearing T-shirts. The Court rejects Plaintiff's argument that justice requires the Court to read into its Consent Order such a restriction. The Consent Order is consistent with the agreements consented to the parties' Stipulation for Final Judgment. Thus, the adoption of the New Ordinance appears to be permissible under the language of the Consent Order.

With respect to Plaintiff's second claim, the Court must review its Preliminary Injunction Order. In its Preliminary Injunction Order, this Court noted that the United States Supreme Court and the Eleventh Circuit Court of Appeals had not directly addressed the issue of whether tables used in the sale of message-bearing T-shirts should be afforded protection under the First Amendment. The Court drew an analogy between the portable tables used to sell message-bearing T-shirts and news racks used to sell magazines and newspapers which have been held to be constitutionally protected by the First Amendment. The Court found that like news racks, portable tables used to sell message-bearing T-shirts are inextricably tied to the publication they contain. Thus, the Court granted the portable tables used to sell message-bearing T-shirts protection under the First Amendment. The Eleventh Circuit has come to agree with this Court's conclusion. *See One World One Family Now v. City of Miami Beach,* 175 F.3d 1282 (11th Cir.1999).

After having declared that the portable tables used to sell message-bearing T-shirts are protected by the First Amendment, the Court went on to find that the regulation was facially content neutral and that the City had a substantial interest in providing a safe, non-crowded sidewalk for public use. However, the Court held that the permit scheme used to enforce this policy was not narrowly tailored to meet the government's legitimate interest. In particular, the Court found it troublesome that the permit scheme granted government officials too much discretionary power to enforce the policy. Thus, the Court decided that Plaintiff had a substantial likelihood of succeeding on the merits of its claim and issued a preliminary injunction against the City.

The New Ordinance does not appear to suffer from the same constitutional defect as its predecessor. However, the question remains as to whether the New Ordinance is a constitutionally permissible time, place, and manner restriction on Plaintiff's First Amendment rights. Defendant points the Court to two rulings by the Eleventh Circuit Court of Appeals handed down subsequent to the Court's Preliminary Injunction Order. In *City of Montgomery*, the Eleventh Circuit was presented with a regulation that completely banned along city sidewalks the placement of portable tables used by a non-profit organization to distribute literature and pamphlets. 111 F.3d 1548, 1549 (11th Cir. 1997). The Eleventh Circuit found that placement of tables in conjunction with the sale of message-bearing T-shirts constitutes a protected activity. It then applied the constitutional time, place and manner analysis and declared that the regulation satisfied this test. The Eleventh Circuit stated that the City of Montgomery had a significant interest in preventing obstacles to pedestrian traffic, that the regulation was narrowly tailored to achieve the City's interest, and that the plaintiff could still

communicate its information by handing out literature as well as erecting tables on adjacent private property or on public property like city parks. *Id.* at 1552.

Similarly, in *City of Miami Beach*, the Eleventh Circuit held as constitutional an ordinance which restricted the sale of message-bearing t-shirts from tables on the west side of Ocean Drive in Miami Beach's commercial district. 175 F.3d 1282, 1283 (11th Cir.1999). According to the Eleventh Circuit, the City of Miami Beach had a substantial interest in eliminating obstacles to pedestrian flow and in enhancing the aesthetic ambiance of the area. *See City of Miami Beach*, 175 F.3d at 1287. The Eleventh Circuit went on to declare that the ordinance was narrowly tailored to meet those interests. *Id.* It emphasized that the plaintiffs could conduct their activity without the use of a portable table or erect portable tables in other areas within the City of Miami Beach.

■ In light of *City of Montgomery* and *City of Miami Beach*, this Court finds that there is not a substantial likelihood that Plaintiff will succeed on the merits of its claim. The New Ordinance is significantly similar to the regulations considered by the Eleventh Circuit in *City of Montgomery* and *City of Miami Beach*. It is clear that the City has a legitimate interest in preventing congestion on its sidewalks. Furthermore, it appears that the New Ordinance is narrowly tailored to meet this legitimate interest. The New Ordinance does not necessarily ban Plaintiff's sale of message bearing T-shirts but only Plaintiff's use of portable tables in the selling the message-bearing T-shirts. Furthermore, the New Ordinance allows alternative channels for Plaintiff to distribute its message. Plaintiff can erect portable tables on private property or in public areas not along the City's sidewalk to sell its message-bearing T-shirts.

Plaintiff argues that the City must prove that its legitimate interests are furthered by the New Ordinance. *See Flanigan's Enterprises, Inc. v. Fulton County, Georgia,* 242 F.3d 976 (11th Cir.2001). However, the Court notes that the City is "not required to present detailed evidence of pedestrian or traffic flow on or around specific sidewalks; the City is 'entitled to advance its interests by arguments based on appeals to common sense and logic.'" *See City of Montgomery,* 111 F.3d at 1551 (citing *Multimedia Publishing Co. of S. Carolina, Inc., v. Greenville–Spartanburg Airport,* 991 F.2d 154, 160 (4th Cir.1993)). Under this liberal standard, it is very likely that the City can meet its burden. Plaintiff's argument does not persuade this Court that there is a substantial likelihood that it will succeed on the merits of its claims or that a preliminary injunction is warranted.

The Court will not conduct a piecemeal analysis of the remaining issues in a preliminary injunction analysis. Having found that Plaintiffs have failed to satisfy the first requirement of a preliminary injunction analysis, the Court finds it unnecessary to investigate the remaining factors for a preliminary injunction.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's request for Preliminary Injunction be, and the same is hereby, DENIED.