LOCAL UNION NO. 67 OF INTERNA-
TIONAL UNION OF UNITED BREW-
ERY, FLOUR, CEREAL, SOFT DRINK
AND DISTILLERY WORKERS OF
AMERICA, AFL–CIO et al.

v.

DUQUESNE BREWING COMPANY
OF PITTSBURGH.

Civ. A. No. 72–1056.

United States District Court,
W. D. Pennsylvania.

Jan. 17, 1973.

David Rainero, Pittsburgh, Pa., for plaintiffs.

Richard I. Thomas, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER GRANTING MOTION TO DISMISS

KNOX, District Judge.

It is trite to point out that the federal courts are courts of limited jurisdiction and that they possess only such powers as are granted to them by the Constitution and laws of the United States. This principle is often overlooked, however, by counsel and litigants alike and the instant case is another illustration.

Suit here has been brought by Local Union No. 67 of the International Union of United Brewery, Flour, Cereal, Soft

Drink & Distillery Workers of America, AFL–CIO by Trustees ad litem and by certain individuals, residents of Pennsylvania, on behalf of themselves and other workers holding similar contracts against the Duquesne Brewing Company of Pittsburgh, a Pennsylvania business corporation. It is alleged that in 1957 the defendant entered into employment contracts with 68 individuals agreeing to give them employment until retirement age or until voluntary retirement, quitting or discharge for cause, at rates of pay to be specified in the current collective bargaining agreements, if any. A copy of one of these agreements is appended hereto. (Appendix I).

It is noted that this unusual agreement is between the Brewing Company and the employees only and is signed on behalf of the company by an attorney whose authority is not stated. It is "approved" by the union which is not a party to it.

Plaintiff alleges that the defendant has closed its plant in Pittsburgh and discharged plaintiffs and other employees as of November 30, 1972. Relief is sought by way of an injunction to restore plaintiffs to their employment under the agreement and to continue the same during the balance of the contract with appropriate rates of pay and fringe benefits and to refrain from discharge except under the terms of the agreement. Defendant has filed a motion to dismiss for lack of jurisdiction which is now before us.

Plaintiffs concede that there is no diversity jurisdiction here and that the court's jurisdiction must attach if at all under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185.[1] We determine that this Act does not give us jurisdiction of this controversy, that jurisdiction is vested in the appropriate state court and hence this action must be dismissed without prejudice.

■ ■ Separate contracts of employment such as this are not necessarily illegal, but cannot affect the collective bargaining procedures under the National Labor Relations Act. J. I. Case Co. v. NLRB, 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762 (1943). Here the union has approved these agreements and they may be held good and binding under state law as long as they do not prevent collective bargaining not "defeat or delay the procedures prescribed by the National Labor Relations Act" (321 U.S. 337, 64 S.Ct. 580). The Union's approval may indicate there is no problem as to enforceability here but this does not give us jurisdiction of what is otherwise a suit for violation of a simple employment contract, jurisdiction of which is vested in the state courts, absent diversity and the minimum jurisdictional amount of $10,000.

■ Under Section 301(a) (29 U.S.C. § 185) there must be a suit "for violation of contracts between an employer and a labor organization" to give jurisdiction. The Court of Appeals for this Circuit has spoken in no uncertain terms of this requirement in Adams v. Budd Co., 349 F.2d 368 (3d Cir. 1965). There suit was brought by individual employees against the company and the union under Section 301 claiming they were denied seniority rights under prior individual agreements. The court clearly held that in this respect Section 301 only confers jurisdiction for violation of an agreement between a labor organization and an employer, not over suits by individual employees with contracts with the employer.

The court said:

"In reply, Union contends that Section 301(a) accords jurisdiction to the federal courts over actions for breach of a labor contract and the plaintiffs' complaint fails to allege such a breach; further, plaintiffs' 'claim is

---

1. "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations,

may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

not based upon a violation of a contract between an employer and labor organization' but 'solely upon the adverse effect upon plaintiffs of the negotiation of such an agreement.'

"Union's contention is well-taken.

"The distilled essence of the plaintiffs' position is that they can enforce, under Section 301(a), their 'contract of hire' super-seniority rights, accorded under Budd's pre-labor contract policy, even though subsequently negotiated collective bargaining agreements bargained away such rights.

"The plaintiffs seem to be oblivious of the fact that Section 301(a) only creates federal jurisdiction, in the absence of diversity of citizenship, with respect to '[s]uits for violation of contracts between an employer and a labor organization * * * or between any such labor organizations.'

"Here the plaintiffs do not seek redress for violation of a collective bargaining agreement; what they seek is redress for an alleged violation by a labor contract of rights which they assert were independently, and pre-agreement, vested in them by their 'contract of hire.'

"We are of the opinion that Section 301(a) did not confer jurisdiction upon the District Court to entertain this action and that it should have dismissed it for that reason. As we earlier stated, it is conceded that diversity jurisdiction does not exist here."

More recently, in Leskiw v. Local 1470 Electrical Workers, 464 F.2d 721 (3d Cir. 1972) it was again reiterated that the suit must be on the collective bargaining agreement and Adams v. Budd was regarded as controlling. This does not mean, of course, that individual employees may not sue as in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), but the suit must be on the agreement between the union and the labor organization.

In the present case, the agreements on their face purport only to be between the company and the individuals. The "approval" by the union only has the effect of removing the documents from the taint of illegality which might otherwise attach to them under *J. I. Case*, supra. The agreement is to be in effect regardless of whether there is a collective bargaining agreement in existence or not and the rights of these selected employees (if any) exist separate and apart from the union contract. There is nothing in the current collective bargaining agreement (Exhibit A) which refers to these contracts as having been entered into by the individuals with the approval of the union which could be construed as an incorporation by reference. It should also be noted that Section 30 of the Collective bargaining agreement clearly gives management the right to discontinue operations.

Since we are going to dismiss this action as not properly being a case for federal court, it becomes unnecessary to consider the question of corporate authority supporting the same, the question of mutuality of consideration and the question whether such a contract would survive the closing of the plant. Cf. Luchacher v. Kerson, 158 Pa.Super. 437, 45 A.2d 245 (1946).

The suit seeks a class action. The court has as yet made no determination that it shall proceed as a class action. In view of the fact that we are dismissing for lack of jurisdiction, there is no apparent need for allowance of a class action. Such procedures provide no superior method for disposing of the controversy and, under such circumstances, since there is no settlement, the court sees no need for notice.

An appropriate order will be entered.

## APPENDIX

### CONTRACT OF EMPLOYMENT

AND NOW, this 11 day of December, 1957, it is agreed by and between the DUQUESNE BREWING COMPANY OF PITTSBURG and JAMES F. Mc-DOLE a member of Local Union No. 67 of INTERNATIONAL UNION OF UNITED BREWERY, FLOUR, CEREAL, SOFT DRINK and DISTILLERY

WORKERS OF AMERICA, that, for a good and valuable consideration, receipt of whereof is hereby acknowledged, the said JAMES F. McDOLE beginning May 1, 1959, provided he is then employed by the Duquesne Brewing Company of Pittsburg under the jurisdiction of said Local No. 67, shall thereafter be maintained in employment by the Duquesne Brewing Company of Pittsburg so long as he shall live or until he shall reach compulsory retirement age or until he shall voluntarily retire, quit or be discharged for cause, whichever of such events shall first occur.

It is further agreed that during such employment, he shall be paid weekly the amount prescribed in the then current collective bargaining agreement between said Union and the Employer for forty (40) hours, or, in the absence of such collective bargaining agreement, that he shall be paid weekly for forty (40) hours at the hourly rate of pay then prevailing in the plant for his job classification; provided, however, that the Employer shall not be required to pay for time lost by the employee due to sickness, injury, voluntary absence, strike, or other reasons beyond control of the Employer.

This Agreement shall not be construed as being in derogation of any other rights which the Employer or the employee may have under any collective bargaining agreement between said Union and the Employer.

The parties hereto intend to be legally bound.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the day and date aforesaid.

APPROVED:     DUQUESNE BREWING COM-
(s) By James F. McDole  PANY OF PITTSBURG
                    (s) By Mead J. Mulvihill
                        Mead J. Mulvihill
                        Attorney, P.H.V.

APPROVED:
Local Union No. 67 of INTERNATIONAL UNION OF UNITED BREWERY, FLOUR, CEREAL, SOFT DRINK and DISTILLERY WORKERS OF AMERICA, C.I.O.
(s)  By Frank J. Hirsch
        Frank J. Hirsch
        Secretary