Robert A. PAJARES

v.

**UNITED STEELWORKERS OF AMERICA, LOCAL 5769.**

Civ. A. No. 77–315.

United States District Court,
E. D. Louisiana.

April 29, 1977.

**420**

Ferdinand J. Kleppner, Metairie, La., for plaintiff.

C. Paul Barker, New Orleans, La., John C. Falkenberry, Birmingham, Ala., for Local 5769.

David E. Walker, New Orleans, La., for American Can Co.

## MEMORANDUM OPINION AND ORDER

BOYLE, District Judge:

This action was removed from state court. Although no motion to remand was filed by the plaintiff, the court *sua sponte* raised a question as to the propriety of federal jurisdiction in a conference of counsel requested by plaintiff's counsel. Memoranda on the jurisdictional issue, as well as the parties' joint stipulation of material facts not in dispute, were ordered submitted. *See* Minute Entry of February 10, 1977 [Record Doc. # 3]. Adopting an even-handed, if not consistent, position of advocacy, counsel for plaintiff has presented two separate memoranda, one in support of and the other opposed to federal jurisdiction. The defendant United Steelworkers of America, Local 5769 [hereinafter Local] has filed a motion for summary judgment in its favor both on the jurisdictional question (i.e., favoring federal jurisdiction) and as to the merits. The defendant American Can Company [hereinafter Company] has urged a motion to dismiss the action for the failure to state a claim or, alternatively, for summary judgment in its favor on the merits. To the extent the defendants' arguments in support of their motions stray beyond the threshold jurisdictional issue which we have raised, however, discussion thereof is pretermitted; for, on the basis of the joint stipulation of facts, the memoranda of counsel and other relevant documents in the record, we conclude that this case must be remanded to state court.

It is stipulated that the defendant Local represents clerical employees of the defendant Company, and that the plaintiff Robert Pajares was one such employee at the time of the events giving rise to this litigation. Pursuant to the collective bargaining agreement between them, the Local and Company could—and did—enter into supplemental agreements, the terms of which since 1959 permitted the extension of "super-seniority" to a total of no more than 10 Local officers and grievance committeemen. Such seniority has preferential effect in the case of any layoff or recall, notwithstanding the employee's actual position on the seniority roster. The supplemental agreements reserved to the Local the right to designate which officers would be allowed super-seniority, and it customarily designated in writing to the Company—after each election of its officers—the total of nine elected officers who would enjoy such spe-

cial status. In April of 1976, the plaintiff was elected to the office of financial secretary for a term of three years, and as such was designated as a beneficiary of super-seniority. *See* Joint Stipulation, ¶¶ 1–6 [attached to Record Doc. # 7].

It further is stipulated that, at the time of the 1976 election, the Local membership—including Pajares—was aware that super-seniority would be extended by the agreement with the Company to those who were elected. The membership also was aware, however, that certain lay-offs among clerical employees had occurred and would occur in the future.[1] Apparently acting in light of the lay-off situation, the membership of the Local met on January 11, 1977 and voted to reduce the number of officers designated for super-seniority from nine to two, eliminating the privilege for all officers but the President and the Chairman of the Local Grievance Committee. On January 21, 1977, the plaintiff was laid off, and, of course, would not have been had he retained his former super-seniority. *See* id., ¶¶ 7–12.

Obviously attempting to forestall what must have been otherwise inevitable following the Local's reduction of super-seniority positions on January 11, Pajares on January 17, 1977 brought a "Petition for Writ of Injunction" in state court. Therein he sought a temporary restraining order and preliminary injunction barring the Local from eliminating or altering the super-seniority clause of the supplemental agreement as to designated officers and from laying him off, as well as a declaratory judgment against both the Local and Company decreeing that their action in connection with his loss of super-seniority was "an impairment of his rights as an Officer of the Local Union. . . ." *See* Petition in *Robert A. Pajares v. United Steelworkers of America Union, Local 5769,* Docket No. 77-839, Civil District Court, Parish of Orleans [copy attached to Record Doc. # 1]. There followed the defendant Local's peti-

tion for removal, joined in by the Company, wherein it is alleged the plaintiff's state court claim arises under the Labor-Management Relations Act of 1947 (29 U.S.C. §§ 141 *et seq.*) and thus is a removable "civil action of which the [U.S.] district courts have original jurisdiction . . . ." *See* 28 U.S.C. § 1441(b).

■ The injunctive nature of the plaintiff's prayer compels our observation at the outset that statutory limitations have been imposed *via* the Norris-LaGuardia Act to restrict the equity jurisdiction of federal courts in cases arising out of labor disputes. See 29 U.S.C. §§ 101 *et seq.* This is not to say that the Act forecloses jurisdiction in labor controversies otherwise capable of being entertained in federal court in which injunctive relief may be sought. *See, e. g., Katz v. Architectural & Engineering Guild, Local 66,* 263 F.Supp. 222 (S.D.N.Y.1966). But the clear congressional policy underlying the statute is to generally prevent federal injunctive interference in labor disputes and permit the extra-judicial settlement of such controversies. *See Brotherhood of Loc. Fire & Eng. v. Florida East Coast Ry. Co.,* 346 F.2d 673, 675 (5 Cir. 1965) and cases cited therein. To the extent the removed action *sub judice* primarily seeks an injunctive remedy, it must be viewed against the backdrop of that policy.

■ The Labor-Management Relations Act of 1947 provides for suits in the district courts for violation of collective-bargaining contracts between labor organizations (such as the defendant Local) and employers (such as the defendant Company). *See* 29 U.S.C. § 185(a). Moreover, it is settled jurisprudence that this provision of the Act contemplates not only suits between unions and employers, but also suits by individual employees to vindicate "uniquely personal" rights such as wages, wrongful discharge, etc. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). At the same time, however, the individual employee's right to

---

1. It appears that the total number of such employees in January of 1976 was 30, but was reduced by lay-offs to 21 by February of 1977, and is expected to diminish to 12 as of the current month of May. *See* Joint Stipulation, ¶ 8 [attached to Record Doc. # 7].

bring such actions in federal court is not unlimited; rather, whatever personal rights the plaintiff asserts—here, as to seniority—"must find their source in the·collective bargaining agreement" between the company and the union. *See Broniman v. Great Atlantic & Pacific Tea Co.,* 353 F.2d 559, 561 (6 Cir. 1965), *cert. denied,* 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360 (1966).

▇▇▇ In this case, it becomes clear from a reading of the plaintiff's state court petition that his action is based upon an alleged contractual agreement existing between the Local and him, and *not* upon the collective bargaining agreement or supplemental agreement which existed between the Local and the Company. The latter agreement provides no guarantee that the position to which Pajares was elected would be designated for the privilege of super-seniority, but only that the Local *could* so designate as many as 10 elected positions. Thus, in his petition, when the plaintiff complains that the elimination of his super-seniority deprived him of "the rights with which he became vested upon his election," he necessarily refers to rights vested in him by dint of a claimed separate agreement with the defendant Local. Indeed, in briefs filed in the record of this case, the plaintiff makes this independent, contractual origin of his grievance even clearer, arguing that part of the consideration for his running for office was the Local's promise of super-seniority rights, and that the Local impliedly agreed to extend this benefit to him in return for his performance of services as an elected officer. *See* Plaintiff's Memo in Support of Jurisdiction, at p. 3 [Record Doc. # 4]; Plaintiff's Memo in opposition to Summary Judgment, at p. 1 [Record Doc. # 10]. No federal jurisdiction under the Labor-Management Relations Act can arise where the plaintiff employee does not even allege or contend that there has been a violation of the collective bargaining agreement. *See Leskiw v. Local 1470, Int. Bro. of Elec. Wkrs., AFL–CIO–CLC,* 464 F.2d 721 (3

Cir.), *cert. denied,* 409 U.S. 1041, 93 S.Ct. 526, 34 L.Ed.2d 490 (1972). Under the facts of this case, even assuming the plaintiff's pleading were construed to so allege, we conclude that no such violation can be said to have occurred by the decision of the Local membership to reduce the number of super-seniority officers.

Our conclusion is buttressed by the similar case of *Adams v. Budd Co.,* 349 F.2d 368 (3 Cir. 1965). There, certain employee/union members sued the company and local for conspiring to deprive them of super-seniority status which they had acquired under contracts of hire which pre-existed the collective bargaining agreement in effect at the time of suit. Under the terms of the latter agreement, as negotiated by the defendants, the scope of super-seniority rights was narrowed to exclude plaintiffs. Rejecting the attempt to enforce contract-of-hire rights by means of section 301(a) of the Labor-Management Relations Act [29 U.S.C. § 185(a)], the Third Circuit Court of Appeals used language which could be directly applied to support the result reached herein:

> . . . Section 301(a) only creates federal jurisdiction . . . with respect to *"[s]uits for violation of contracts* between an employer and a labor organization . . . ."
>
> Here the plaintiffs do not seek redress for violation *of* a collective bargaining agreement; what they seek is redress for an alleged violation . . . of rights which they assert were independently . . . vested in them . . ..
>
> We are of the opinion that Section 301(a) did not confer jurisdiction upon the District Court to entertain this action . . . .

*Id.* at 369–70.

▇▇▇ Having found no basis of jurisdiction under the Labor-Management Relations Act of 1947,[2] we may briefly dispose

---

**2.** Although not specifically relied upon by any of the parties, a separate grant of original federal jurisdiction is made by the Act as to suits against unions for injury resulting from specified "unfair labor practices." *See* 29 U.S.C.

§ 187.· The defendant Local's conduct, however, cannot be characterized as one of these practices as defined in the Act. *See* 29 U.S.C. § 158(b)(4).

of an alternative jurisdictional theory raised in one of plaintiff's memoranda, *to wit*, that the Local's deprivation of his super-seniority status constituted an act of discrimination violative of, and remediable in this court under, the Labor-Management Reporting and Disclosure Act of 1959 (specifically, 29 U.S.C. §§ 411 & 412). *See* Plaintiff's Memo in Opposition to Summary Judgment, at pp. 1–2 [Record Doc. # 10]. It is well-settled that the only rights capable of redress in a civil action pursuant to this Act are those specifically listed in section 411 thereof. *See Cornelio v. Metro. Distr. Council of Phila. & Vicinity of United Bro. of Carpenters and Joiners of America, AFL–CIO,* 358 F.2d 728 (3 Cir. 1966), *cert. denied,* 386 U.S. 975, 87 S.Ct. 1167, 18 L.Ed.2d 134 (1967). The alleged deprivation of seniority rights in this case does not fall within the statutory specification. *See* 29 U.S.C. § 411(a)(1). *Cf. Conlon v. Teamsters, Chauffeurs, Wrhsemen, etc.,* 409 F.Supp. 1165, 1166 (D.Mass.1976) (Act confers no federal jurisdiction over claim arising out of removal from Union office).

For the foregoing reasons, we find that this action is not one arising under federal law and over which this court would have original jurisdiction. It thus was improvidently removed under 28 U.S.C. § 1441(b), and it should be and is hereby, ORDERED *REMANDED* to the state court for all further proceedings.

IT IS FURTHER ORDERED that the motion of the defendant Local for summary judgment, as well as the motion of the defendant Company to dismiss or, alternatively, for summary judgment, are *DENIED* as moot.