Stephen Norman WEISS, Plaintiff,

v.

The LEGAL AID SOCIETY, Defendant.

The LEGAL AID SOCIETY,
Third-Party Plaintiff,

v.

ASSOCIATION OF LEGAL AID ATTORNEYS, Third-Party Defendant.

No. 76 Civil 4644.

United States District Court,
S. D. New York.

May 3, 1978.

James F. Campise, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant; Jonathan L. Sulds, New York City, of counsel.

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for third-party defendant; Jerome Tauber, New York City, of counsel.

---

## OPINION

EDWARD WEINFELD, District Judge.

This action was commenced by plaintiff in the Civil Court of the City of New York and thereafter removed to this Court upon petition by defendant, the Legal Aid Society (the "Society"). The petition alleged that this Court had jurisdiction over the dispute under § 301 of the National Labor Relations Act[1] because the plaintiff "seeks damages alleged to be due as a result of defendant's breach of a collective bargaining agreement with the labor organization of which plaintiff was a member." At the start, this Court *sua sponte* raised the question of jurisdiction; but upon the then state of the pleadings and representations made by the attorneys, the Court was satisfied that jurisdiction existed. The parties have subsequently engaged in a series of motions, including the assertion by the defendant of a third party claim against the Association of Legal Aid Attorneys (the "Association"). The most recent motions before the Court are third-party plaintiff's motion for summary judgment and third-party defendant's motion to dismiss. After a thorough review of the papers submitted and repeated representations by plaintiff's counsel upon close questioning by the Court at oral argument as to the basis of the claim against defendant, the Court is compelled to dismiss this action for lack of subject matter jurisdiction.[2]

The contentions and claims of the parties to this action have twisted and turned over the past eighteen months. Yet the stipulated facts contained in the pretrial order dated January 24, 1978 are relatively simple. Plaintiff was hired as an attorney by the Society on August 15, 1974. At that time there was in force a collective bargaining agreement between the Society and the Association which expired by its terms on June 30, 1975. Under the collective bargaining agreement, attorneys received wage step increases for every year of service. Plaintiff completed his year of service on August 25, 1975, two months *after* the agreement had expired. He resigned from the Society effective April 30, 1976.

At the date of the expiration of the agreement on June 30, 1975, the Society announced a "freeze" on wage step increases. On March 5, 1976, a stipulation was entered into between the Society and the Association which granted retroactive anniversary increases to attorneys then on the staff (which, at that time, included plaintiff) upon the satisfaction of certain conditions. However, no retroactive increases were paid under this stipulation. A second stipulation was executed on July 1, 1976, which extended the 1973–75 agreement for another year and granted retroactive anniversary increases for attorneys still employed by the Society. Plaintiff, who resigned two months before this stipulation was entered into, did not receive any retroactive payments.

Plaintiff claims that he became entitled to a wage step increase on August 25, 1975 after completing one year of service, and that he should have received higher compensation until his resignation in April 1976. Plaintiff's original complaint alleged that the right to a wage increase was based on the 1973–75 collective bargaining agreement. It further stated that at the termination of the agreement the Society "announced that it was unilaterally 'freezing' all wage step increases, but that to induce continued employment said increases would be paid retroactively."[3]

In dismissing plaintiff's original complaint for failure to allege facts justifying a failure to invoke grievance procedures, this Court specifically noted:

Plaintiff's claim to a wage increase, no matter when the alleged breach occurred, is predicated upon the collective bargaining agreement which was in effect when he entered upon his employment with the defendant. This is made patently clear in paragraph 4 of the complaint and by the affidavit of plaintiff's attorney who

---

1. 29 U.S.C. § 185.

2. *See* Fed.R.Civ.P. Rule 12(h).

3. Complaint, ¶ 5.

states that the "right which vested in the plaintiff on August 26, 1975 arose out of a collective bargaining agreement and while the plaintiff was a member of the Union." [4]

Plaintiff's amended complaint, which includes allegations that resort to the grievance procedure would have been futile, upon its face alleges the same theory of recovery as the original complaint. However, further refinement of plaintiff's claims is set forth in the pretrial order. Plaintiff's contention, as stated therein, is that:

On August 26, 1975, plaintiff completed one year of service with defendant and by the terms of the collective bargaining agreement as well as by the statements and representations accompanying the announcement of the wage freeze, he became entitled to a wage step increase . . . .. Plaintiff continued to work at his salary . . . in reliance upon the promise of defendant to pay these increases retroactively.

Plaintiff's shift as to the basis of his claim from the collective bargaining agreement to an alleged oral promise by the Society at the time the collective bargaining agreement expired led this Court to a careful and close questioning of plaintiff's attorney during oral argument on the two motions presented here. Plaintiff's attorney unequivocally stated that the suit is not predicated upon any collective bargaining agreement. Rather, counsel repeated that plaintiff's claim arises solely out of an alleged oral promise made by the Society to the individual attorneys at various meetings which occurred following the expiration of the 1973–75 collective bargaining agreement. Plaintiff's attorney further stated that the Association had no part in the oral contract between the Society and the individual attorneys; that is, that the Associa-

tion is not a party to the contract upon which plaintiff seeks to recover.

■ This Court repeatedly questioned plaintiff's attorney to ascertain with exactitude plaintiff's legal claim. It is now clear beyond doubt that plaintiff's alleged cause of action is based solely on an oral promise allegedly made by the Society on June 30, 1975 (upon the expiration of the collective bargaining agreement) that staff attorneys would receive retroactive anniversary wage increases. Although the annual wage step increase originated in the 1973–75 collective bargaining agreement, the present claim arises not from that agreement but from a subsequent independent oral promise by the Society that the increase provision of that agreement would be applied.

Under these circumstances this Court is duty bound to dismiss the complaint for lack of subject matter jurisdiction. Section 301 of the Act [5] states:

(a) Suits for violation of *contracts between an employer and a labor organization* representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The language of this section is clear: it confers jurisdiction on this Court only when the complaint alleges a violation of an agreement between an employer and a labor organization. This Court is without jurisdiction when the plaintiff is an individual employee suing upon an individual contract with his employer.[6]

As clarified by the pretrial papers and oral statements, it is clear that plaintiff is not alleging a violation of a collective bar-

---

4. Memorandum Endorsement, May 19, 1977.

5. 29 U.S.C. § 185 (emphasis supplied).

6. *Adams v. Budd Co.,* 349 F.2d 368 (3rd Cir. 1965); *Local 67, Intern'l Union of United Brewer, Flour, Cereal, Soft Drink and Distillery*

*Workers v. Duquesne Brewing Co.,* 354 F.Supp. 1033 (W.D.Pa.1973). *Cf. Pajares v. United Steelworkers Local 5769,* 432 F.Supp. 418, 421–22 (E.D.La.1977) (no jurisdiction over suit alleging breach of contract between employee and union).

gaining agreement. Indeed, plaintiff's counsel stated that the Association was not a party to the alleged oral contract entered into between plaintiff and the Society upon the expiration of the collective bargaining agreement. And while plaintiff's attorney asserted that the March 5 stipulation evidences the oral contract between the Society and the individual attorneys, plaintiff makes no claim under the stipulation and it is agreed that no retroactive increases were paid under it.

In sum, since plaintiff's claim is based upon an alleged individual contract between the Society and the individual attorneys and not upon any agreement between the Society and the Association, this Court must dismiss the suit for lack of subject matter jurisdiction. In light of this disposition, it is unnecessary to pass upon third party defendant's motion to dismiss.