George D. LAMB, Plaintiff,

v.

AMALGAMATED LABOR LIFE INSUR-
ANCE COMPANY, Defendant.

No. 78–823C(3).

United States District Court,
E. D. Missouri, E. D.

Oct. 12, 1978.

George D. Lamb, pro se.

Don R. Sherman, Rosenberg, Weiss, Goff-
stein, Kraus & Seigel, St. Louis, Mo., for
defendant.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon
plaintiff's motion for summary judgment,
and defendant's motions to dismiss, and to
require plaintiff to plead in separate counts.
Plaintiff filed this suit *pro se* basing juris-
diction upon 28 U.S.C. §§ 1331 and 1343
seeking monetary relief totalling $129,-
200.00.

Plaintiff alleges that in 1970, defendant
Insurance Company issued two policies to
plaintiff, covering against loss as a result of
illness, and disability and accident. Plain-
tiff alleges that while the policies were in
effect, he was hospitalized and disabled.
He filed proofs of loss and received bene-
fits. Nevertheless, on November 29, 1971,
benefits were terminated. Plaintiff alleges

that defendant engaged in fraud, was part of a conspiracy to deprive plaintiff of his constitutional rights, and acted arbitrarily.

In support of its motion to dismiss, defendant claims that plaintiff's complaint fails to state a cause of action, that the Court lacks jurisdiction, that the action is barred by the statute of limitations, and that the complaint fails to comply with Rule 8, Federal Rules of Civil Procedure, Plaintiff's complaint is clearly violative of Rules 8 and 10, Federal Rules of Civil Procedure; the Court declines, however, to dismiss the suit on that basis.

 The statute of limitations governing plaintiff's claims of violations of his constitutional rights is set forth in § 516.120, R.S.Mo. (1969). *Cf., Green v. McDonnell Douglas Corporation*, 463 F.2d 337 (8th Cir. 1972). That statute sets forth a five-year statute of limitations. The actions which plaintiff claims to constitute a deprivation of his constitutional rights occurred by November, 1971. This suit was not filed until August 9, 1978. Thus, it is clear that the constitutional claims are time-barred.

■ The claimed fraud is also governed by the five-year statute of limitations. With reference to fraud, the statute states that:

> . . . the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud. § 516.120, R.S.Mo. (1969).

Although the allegations of fraud are conclusory and the factual bases therefor difficult to comprehend, it would appear that any fraudulent actions which defendant might have taken occurred, and have been known to plaintiff, on the date that the benefits were terminated. Since plaintiff alleges that date to have been November 29, 1971, the claims of fraud are similarly time-barred.

■ Plaintiff also alleges that defendant acted arbitrarily in terminating his benefits. Although this claim is not barred by the statute of limitations, see § 516.110,

R.S.Mo. (1969), the Court does lack jurisdiction. Plaintiff prays for the amount of benefits due him under the policy; that amount is $5,200.00. Defendant states, in its memorandum in support of its motion to dismiss, that the maximum possible recovery under the policies is $8,700.00. Clearly, plaintiff's claim fails to satisfy the jurisdiction amount set forth in 28 U.S.C. § 1332. *Cf., Banks v. Travelers Insurance Co.*, 60 F.R.D. 158 (E.D.Pa.1973).

Defendant's motion to dismiss will be granted. Defendant's motion to require plaintiff to plead in separate counts will be denied as moot. Plaintiff's motion for summary judgment will be denied.