793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RANDAL R. RUFF, Plaintiff-Appellant,
v.
ROADWAY EXPRESS, INC., et al., Defendants-Appellees.
 85-3168
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a 'hybrid' action under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, in which the plaintiff, Mr. Ruff, alleges that his former employer, defendant Roadway Express, Inc., violated a collective bargaining agreement by discharging him. He further alleges that defendant Local Union No. 20 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers violated its statutory duty to represent him fairly in the proceedings that culminated in his discharge. Mr. Ruff also alleges that the union violated Sec. 101 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. Sec. 411, by not providing him the same representation afforded other union members. The district court entered summary judgment for the defendants, and Mr. Ruff appealed. We shall affirm the judgment of the district court.
 
 
 2
 * Article X of the collective bargaining agreement between Roadway Express and the union provided, in part, that:
 
 
 3
 'The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge . . . shall give at least one warning notice of the complaint against such employee to the employee, in writing, and a copy of the same to the local union and job steward affected. . . .
 
 
 4
 'The warning notice as herein provided shall not remain in effect for a period of more than nine (9) months from the date of said warning notice. * * *
 
 
 5
 'Discharge must be by proper written notice to the employee and the union affected. Any employee may request an investigation as to his discharge. . . . Should an investigation prove that an injustice has been done an employee, he shall be reinstated. * * * Appeal from discharge . . . must be taken within ten (10) days by written notice, and a decision reached within thirty (30) days from the date of discharge. . . .'
 
 
 6
 Article VII of the collective bargaining agreement, captioned 'Grievance Procedure,' sets forth an elaborate series of steps, culminating in arbitration, to be taken '[s]hould any difference of [sic] dispute arise between the Company and any employee covered by this Agreement. . . .' This article further provides that 'all grievances . . . shall be submitted to the grievance procedure for determination.'
 
 
 7
 Mr. Ruff was discharged by Roadway Express on September 9, 1981. During the nine months preceding that date he had received no fewer than nine written warning notices, two of which related to alleged negligence and poor workmanship.
 
 
 8
 The incident that triggered the discharge occurred on August 30, 1981, when Mr. Ruff was assigned to complete a preventive maintenance inspection of one of Roadway's tractors. He filled out a checklist on which he indicated that he had completed the inspection, that various designated items were okay, and that various engine/transmissionrelated items had been properly serviced. Three other mechanics worked on the unit after completion of Ruff's work. The unit was then taken out on the road, and when it was some 40 miles from the garage the transmission burned up. Subsequent inspection revealed that there was no drain plug in the transmission, and that the fill plug was only finger tight. Mr. Ruff denied that he had failed to replace the drain plug, but he did not dispute the fact that several other items covered by the checklist had not been taken care of.
 
 
 9
 The garage manager decided that Mr. Ruff's employment should be terminated for 'negligence and poor workmanship' and because of his 'accumulated work record.' By mailgram dated September 8, 1981, Mr. Ruff was advised of an investigatory hearing to be conducted the next morning; this advice was confirmed by a telephone call to his mother on the afternoon of September 8. Mr. Ruff appeared at the hearing with his union steward and chief steward and the local union business agent. After a detailed discussion, in the course of which the group went out to the shop and looked at the truck, the company representatives decided to adhere to the decision that Mr. Ruff should be discharged. Mr. Ruff thereafter filed a written grievance alleging that he had been discharged 'without just cause,' and he asked for reinstatement with lost wages and benefits.
 
 
 10
 A 'second step hearing' was held thereafter, before a committee composed of management representatives not connected with Roadway Express and union representatives not assigned to the company. Mr. Ruff attended the hearing with the union's business agent. Mr. Ruff contends that the business agent did not prepare adequately for the hearing. Be that as it may, the upshot of the hearing was that the discharge was affirmed. Mr. Ruff was not able to take the matter any farther under the grievance procedure, and this lawsuit ensured. Both Roadway Express and the union moved for summary judgment, and the district court found that the motions were well taken.
 
 II
 
 11
 The suggestion that Roadway Express violated the terms of the collective bargaining agreement strikes us as fanciful. The company gave Mr. Ruff 'at least one warning notice,' which the collective bargaining agreement required as a condition precedent to discharge, and the arbitration procedure established by the agreement was followed to the letter. The arbitration proceedings resulted in a determination that Mr. Ruff was discharged for 'just cause,' within the meaning of that term as used in the agreement.
 
 
 12
 The purpose of arbitration procedures established by collective bargaining agreements is to provide an acceptable means of resolving conflicts as they arise. Such a procedure, the Supreme Court has told us, 'is actually a vehicle by which meaning and content are given to the collective bargaining agreement.' United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 581 (1980).
 
 
 13
 If there has been no breach of the union's duty of fair representation, then the scope of any judicial review of the arbitration award is very limited. Industrial Mutual Association, Inc. v. Amalgamated Workers, Local 383, 725 F.2d 406, 409 (6th Cir. 1984). Review is limited to a determination whether the arbitration award 'draws its essence from the collective bargaining agreement.' United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597 (1960). It is not up to the courts to review the merits of the arbitration award where the parties to the collective bargaining agreement have bargained for a dispute resolution process in which the final decision is made by an arbitrator rather than by a court.
 
 
 14
 In the instant case, the decision reached by the joint committee in the second step hearing clearly 'draws its essence from the collective bargaining agreement.'
 
 
 15
 Even if we were to find that there had been a breach of the union's duty of fair representation, which, under Hines v. Anchor Motor Freight, 424 U.S. 554, 556 (1976), would enable the court to make a more searching review of the arbitrator's decision, there still would be no basis on which we could properly conclude that Mr. Ruff's discharge was in violation of the collective bargaining agreement. Mr. Ruff's undisputed work record and his admitted deficiencies and misreporting in his preventive maintenance inspection provided just cause for discharge.
 
 
 16
 The claim against the union and the claim against Roadway Express are 'inextricably interdependent.' DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164 (1983). There being no breach of the collective bargaining agreement, and the union not having acted arbitrarily, capriciously, or without rational explanation, Poole v. Budd Co., 706 F.2d 181, 183 (6th Cir. 1983), Mr. Ruff has no case against either defendant.
 
 
 17
 Mr. Ruff argues that the union violated 29 U.S.C. Sec. 411, but the terms of that section simply have no application to situations like that presented here. See Pajares v. United Steelworkers of America, Local 5769, 432 F.Supp. 418, 423 (D. La. 1977).
 
 
 18
 The judgment of the district court is AFFIRMED.