James **PILCHER**, Plaintiff,

v.

John J. **SWALEC**, et al., Defendants.

No. 82 C 2746.

United States District Court,
N. D. Illinois, E. D.

May 14, 1982.

---

Lambert M. Ochsenschlager, Reid, Ochsenschlager, Murphy & Rupp, Aurora, Ill., for plaintiff.

R. Theodore Clark, Jr., Hyman K. Bielsky, Secfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

James Pilcher ("Pilcher") originally sued John J. Swalec, individually and in his ca-

pacity as President of Waubonsee Community College ("Waubonsee"), and Waubonsee's Board of Trustees (also both individually and in their official capacities) in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, claiming wrongful dismissal from Pilcher's employment with Waubonsee. After an unsuccessful effort to secure a change of venue from the Circuit Court Judge to whom the case was assigned, defendants removed the action to this Court.

Pilcher has now petitioned for a remand to the state court. For the reasons stated in this memorandum opinion and order Pilcher's petition is granted.

There is no way in which the removal to this Court could have been undertaken in good faith by responsible counsel. Their petition for removal states:

> That the gravaman [sic] of Plaintiff's state court action is the allegation that Plaintiff was denied his constitutional rights to due process and equal protection in that he was not given a hearing prior to being notified of the termination of his employment.

What defendants' petition *fails* to state, and what Pilcher's Complaint plainly discloses on its face, is that the constitutional claims asserted by Pilcher are under the *Illinois* not the *United States* Constitution (Count I, ¶ 11). Complaint Counts II and III are equally grounded on state not federal claims.

It is of course a plaintiff's sole decision as to how he will shape his lawsuit. If he has both federal and state claims, he may elect to proceed on one or the other or both.[1] *Pan American Corp. v. Superior Court,* 366 U.S. 656, 662–63, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961). Defendants have no right to press plaintiff's action into the mold *they* select. *Tasner v. U. S. Indus-*

*tries, Inc.,* 379 F.Supp. 803, 808 n.4 (N.D.Ill. 1974).

Nor does it matter that the sources of law on which a plaintiff relies—in this case the Illinois constitutional guarantees of equal protection and due process—may draw their substance from the same case law as the corresponding provisions of the United States Constitution. They are not necessarily identical in scope. Illinois is free to define the content of its own constitutional guaranties[2] (though not of course more narrowly than the federal), and Pilcher will be bound by the Illinois definitions for better or worse.

Accordingly the petition to remand is granted for want of federal jurisdiction. Pilcher's counsel is free to apply to this Court for any appropriate remedy for the wrongful remand, under any applicable provisions of law (possibly including 28 U.S.C. § 1927).

---

1. Of course if the case proceeds to judgment, res judicata forecloses the plaintiff from proceeding on the omitted claims—from "splitting his cause of action." There may be an exception for situations involving exclusive jurisdiction. *Marrese v. American Academy of Orthopaedic Surgeons,* 496 F.Supp. 236 (N.D.Ill. 1980), 524 F.Supp. 389 (N.D.Ill.1981), now awaiting decision on appeal.

2. *See, e.g.,* the related concept articulated in *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981) and *Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 197, 57 Ill. Dec. 730, 733, 429 N.E.2d 847, 850 (1981).