Randy BAKER, Plaintiff,

v.

DURKEE FOODS, et al., Defendants.

No. 82 C 1047.

United States District Court,
N. D. Illinois, E. D.

June 7, 1982.

Philip A. Troha, Troha, Troha & Bednarek, Joliet, Ill., for plaintiff.

William M. Stevens, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Randy Baker ("Baker") originally sued his employer Durkee Foods, a division of SCM Corporation ("Durkee"), in a two-count state court complaint. Durkee timely removed the action to this Court from the Circuit Court for the Twelfth Judicial District, Will County, Illinois.[1] Baker now moves to remand, and his motion is granted.

Baker's Complaint is certainly in the "notice pleading" tradition: brief and skeletal. Count I alleges that:

(1) Baker was suspended and discharged by Durkee "in violation of the Defendants' written company policy."

(2) Baker was then found by an arbitrator to have been wrongfully discharged and to be entitled to reinstatement.

(3) Though Baker has been reinstated, Durkee has refused to reimburse him for lost wages.

Count II alleges that:

(1) Durkee discharged Baker because of his altercation with a fellow employee who is of Mexican descent (as Baker is not).

(2) Durkee did not however discharge Baker's fellow employee.

(3) Baker's discharge was on racial grounds, in violation of Baker's civil

1. Although Durkee's removal petition was filed on the thirty-second day (a Monday) after service of the Complaint, Fed.R.Civ.P. 6(a) has been construed to make such a filing timely because the thirtieth day fell on the preceding Saturday. Cf. *Jones & Laughlin Steel Corp. v. Gridiron Steel Co.*, 382 U.S. 32, 86 S.Ct. 152, 15 L.Ed.2d 26 (1965).

rights under the "public policy of the State of Illinois."

Durkee asserts three grounds for removal. None will support that result.

■ As to Count I Durkee claims the gravamen of Baker's claim stems from Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. But a plaintiff is the master of his own claim, *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), and he has the absolute right to shape it as he chooses. *Pilcher v. Swalec*, 540 F.Supp. 1373, 82 C 2746 (N.D.Ill. May 14, 1982), and cases there cited.

That doctrine, it is true, does not apply where an area of law is preempted by federal legislation, so that a plaintiff would necessarily state a federal cause of action even though he purports to rely on state law. *Teamsters Local Union No. 116 v. Fargo-Moorhead Automobile Dealers Ass'n*, 459 F.Supp. 558, 560–61 (D.N.D.1978). Here however Baker asserts an *individual* claim based on Durkee's violation of its *own policy*, not a violation of a collective bargaining agreement.[2] Federal jurisdiction of such an individual claim would not be conferred by Section 301. *Weiss v. Legal Aid Society*, 449 F.Supp. 571, 573–74 (S.D. N.Y.1978). Baker's own self-limitation of his claim is controlling (see discussion in *Pilcher*), and removal is thus improper as to Count I.

■ Count II presents even a clearer case. It is irrelevant that Title VII of the Civil Rights Act of 1964 might confer a like claim under federal law. Baker has chosen to assert his rights solely under Illinois law. This Court's reasoning in *Pilcher* mandates remand.

■ Finally Durkee advances a belated claim of diversity jurisdiction. That assertion was first made in Durkee's responsive memorandum to Baker's remand petition—a memorandum filed more than 60 days after the Complaint was served. Under 28 U.S.C. § 1446(b) Durkee's claim

comes too late. *Rossi, Turecamo & Co. v. Best Resume Service, Inc.*, 497 F.Supp. 437, 439–41 (S.D.Fla.1980); *Kaneshiro v. North American Co. for Life & Health Ins.*, 496 F.Supp. 452 (D.Haw.1980).

### Conclusion

For the reasons stated in this memorandum opinion and order, the petition to remand is granted. This action is remanded to the Circuit Court for the Twelfth Judicial Circuit, Will County, Illinois.

---

**2.** No comment is of course made as to the ultimate sustainability of that claim.