983 F.2d 1072
 16 Employee Benefits Cas. 1310
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald D'AMBROSIO, Plaintiff-Appellee,
v.
CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION
(INDEPENDENT) ("CTDU"), Defendant, APPEAL OF:
PAUL L. GLOVER, Counsel for Defendant.
 No. 91-2739.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 28, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Paul L. Glover, the attorney representing the Chicago Truck Drivers, Helpers, and Warehouse Workers Union ("the union") in this action, appeals from the district court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. We reverse.
 
 I.
 
 2
 Donald D'Ambrosio brought a wrongful discharge suit against the union in the Circuit Court of Cook County, Illinois. His complaint alleged in the first count that the union fired him without just and sufficient cause and without following certain policies established by the "Office Policy for Union Employees", an employee handbook. In the second count D'Ambrosio alleged that his termination resulted from the union's "malicious and intentional actions" in violation of his contractual rights. The complaint states that D'Ambrosio was denied various health, welfare, and pension benefits and requests damages of $1.5 million.
 
 
 3
 Glover signed and filed a petition for removal asserting that the district court had original jurisdiction over the claim. According to the union, D'Ambrosio's complaint stated a claim under (1) Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, and (2) Section 301 of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. § 185. The district court granted the petition, which D'Ambrosio did not challenge, and denied the union's motion for summary judgment. Pursuant to 28 U.S.C. § 636(c), the parties then agreed to proceed before the magistrate judge. The union filed a second motion for summary judgment. In reviewing that motion, the magistrate judge determined that the union had improperly removed the case to federal court and ordered it to show cause why the district court should not remand the case to the Circuit Court of Cook County, direct the bond to be forfeited to the plaintiff, and impose sanctions under Rule 11 against Glover. Finding the union's response to be unconvincing, the district court determined that it lacked subject matter jurisdiction over the case, remanded to state court, and ordered Glover to pay $1,000 directly to D'Ambrosio. Glover appeals that portion of the magistrate judge's order imposing Rule 11 sanctions, arguing that removal of the case was supported both in fact and in law.
 
 II.
 
 4
 A party may remove a case from state to federal court "only if 'the suit--as the plaintiff framed or could easily have framed it in the complaint--would have been within the district court's original jurisdiction at the time of the removal.' " Shannon v. Shannon, 965 F.2d 542, 545 (7th Cir.1992) (quoting Federal Deposit Insurance Corp. v. Elefant, 790 F.2d 661, 667 (7th Cir.1986) (citations omitted)). Suits do not become removable, however, merely by assertion of a federal defense or counterclaim. Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), rev'd on other grounds, Smith v. Kansas City Title and Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed.2d 577 (1921); Shannon, 965 F.2d at 545; Elefant, 790 F.2d at 667 (citation omitted). Nor is removal irreversible. "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case must be remanded." 28 U.S.C. § 1447(c).
 
 
 5
 Whether or not a complaint asserts a basis for federal jurisdiction, removal is proper when Congress clearly manifests an intent to preempt a particular field. Claims arising from "this select group ... [are] necessarily federal in character." Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Causes of action within the scope of the civil enforcement provisions of ERISA § 502(a), as well as claims preempted by § 301 of the LMRA, 29 U.S.C. § 185--the grounds claimed by Glover for removal--are two such areas of law.
 
 
 6
 The United States Supreme Court has held that causes of action under § 502(a) of ERISA are removable to federal court. Metropolitan Life Insurance Co., 481 U.S. at 56, 107 S.Ct. at 1548. Section 502(a) states "[a] civil action may be brought--(1) by a participant or beneficiary--(B) to recover benefits due him under the terms of his plan to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In Metropolitan Life Insurance Co., the respondent, contending wrongful termination and wrongful failure to be promoted, filed a common law contract and tort claims against his employer and the insurer of its benefit plan for compensatory damages, compensation for breach of contract, and reimplementation of all benefits and insurance coverages. Finding that "[t]his lawsuit 'relate[s] to [an] employee benefit plan' " id., 481 U.S. at 62, 107 S.Ct. at 1546, the Court ruled that the lawsuit fell within the ambit of § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides an exclusive federal cause of action for resolution of suits by beneficiaries to recover benefits from a covered plan. Removal therefore is proper--and state breach of contract claims are preempted--when a cause of action falls within ERISA's civil enforcement provisions, despite the fact that federal jurisdiction is not evident from the complaint. Shannon, 965 F.2d at 546; Brundage-Peterson v. Compcare Health Services Ins. Corp., 877 F.2d 509, 510 (9th Cir.1989); Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1252 (7th Cir.1989) (citing Clorox v. U.S. Dist. Ct. for N.D. of California, 779 F.2d 517, 521 (9th Cir.1983)); Kochendorfer v. Rockdale Sash & Trim Co. Profit Sharing Plan, 653 F.Supp. 612 (N.D.Ill.1987).
 
 
 7
 Count I of the complaint alleges that D'Ambrosio has or would have become entitled to "profit sharing plans, social security benefits, insurance coverage, major medical insurance coverage, life insurance coverage, accident insurance coverage, disability and vacation benefits." Complaint para. 5; Appellant's Brief at A-2. Count II alleges that he has been denied the benefits of a pension and retirement plan, as well as basic hospital insurance coverage and other benefits provided by the union. Complaint para. 18; Appellant's Brief at A-6. D'Ambrosio appears to be attempting to recover benefits that he claims are due. Nothing in the record suggests why the union might be exempt from the provisions of ERISA. See 29 U.S.C. § 1003. Because this aspect of D'Ambrosio's complaint arises under the civil enforcement provisions of ERISA, Glover had a good faith belief that removal was appropriate. Since it appears that the district court had subject matter jurisdiction over that portion of the complaint relating to benefits, the court also had pendent jurisdiction over the related state law claims.[1] 28 U.S.C. § 1441(c) (authorizing federal jurisdiction in removal cases when nonremovable claims are joined with claims that are properly removed). Rule 11 sanctions against Glover therefore were unwarranted.
 
 
 8
 REVERSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court correctly determined that removal based solely on § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, would have been improper. Section 301 preempts an application of state law only if such application requires the interpretation of a collective bargaining agreement. Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); Pantoja v. Texas Gas and Transmission Corp., 890 F.2d 955, 958-960 (7th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990); Nelson v. Central Illinois Light Co., 878 F.2d 198, 201 (7th Cir.1989); Bettis v. Oscar Mayer Foods Corp., 878 F.2d 192, 195 (7th Cir.1989); Douglas v. American Information Technologies Corp., 877 F.2d 565, 569 (7th Cir.1989). D'Ambrosio's complaint makes no mention of any collective bargaining agreement, and the record contains no evidence of one. Because the complaint seemingly does not require interpretation of a collective bargaining agreement, the case need not have been removed to federal court. Insofar as § 301 of the LMRA is concerned, an employee's own self-limitation of his claim determines whether the case shall be considered in state or federal court. Baker v. Durkee Foods, 542 F.Supp. 37 (N.D.Ill.1982) (where discharged employee sued on claim that employer violated its own policy rather than collective bargaining agreement, removal on basis that claim allegedly stemmed from LMRA was improper)